INHABITANTS OF CASCO *vs.* INHABITANTS OF LIMINGTON.

Cumberland.    Opinion October 10, 1906.

*Judgment of jury will not be revised, when.  Insane paupers.  Expenses.  Pauper statute.  Contagious diseases statute.  R. S., chapter 18, section 51; chapter 27, section 37.*

1.  When the only evidence to fix a date is the recollection of witnesses, the court will not revise the judgment of the jury as to whose recollection is the better.

2.  Expenses incurred by a town to protect its inhabitants or the public from danger of injury by insane paupers are not recoverable under the pauper statute R. S., chapter 27, section 37, nor under the contagious diseases statute R. S., chapter 18, section 51.

On motion by defendant.    Sustained unless plaintiff files remittitur within thirty days.

Action to recover for pauper supplies furnished by the plaintiff town to one Osgood Nason and his family, whose pauper settlement was alleged to be in the defendant town.

Tried at the October term, 1905, of the Supreme Judicial Court, Cumberland County.    Plea, the general issue.    Verdict for plaintiff town for $600.    The defendant then filed a general motion for a new trial.

The material facts appear in the opinion.

*W. C. Whelden and W. G. Chapman,* for plaintiff.

*A. F. Moulton,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J.   The proper determination of the main issue, the settlement of the pauper, depended upon the date of his removal from the Lane house in Hollis to the Came house in Standish.   He moved in the July next before, or next after, the death of Lane at the Lane house in December, 1883.   Perhaps more witnesses testified that the

removal was in the July before Lane's death, but several witnesses testified with more or less positiveness that it was in the July thereafter. Unfortunately neither party produced any contemporaneous written entries or memoranda to fix the date and the jury were obliged to depend upon the recollections of witnesses. It is plain, therefore, that the verdict as to the main issue must prevail since the jury saw and heard the various witnesses and we have not.

The jury further found all the items charged by the plaintiff town for the support of the pauper and his family to be reasonable in amount and proper in character. Some of these items were for payments to watchers over an insane son of the pauper, and it appears plainly from the evidence that the main purpose in employing these watchers was not the better care of the patient but to prevent his doing harm to the neighbors and others. The pauper statute authorizes the recovery only of the expenses of relieving persons destitute, and of their removal or burial. R. S., ch. 27, sec. 37. Expenses incurred by a town to protect its inhabitants or the public from danger of hurt by paupers are not recoverable under the pauper statute. *Kennebunk* v. *Alfred*, 19 Maine, 223. The statute authorizing recovery of expenses of preventing the spread of contagious diseases by paupers (R. S., ch. 18, sec. 51) is not applicable to a case of insanity.

While the insanity of the son may have required some extra care for him, much of the expense charged on that account was clearly not for that purpose. It is difficult to determine the amount of the excess, but upon the present evidence it appears to be at least $200.

> *New trial ordered, unless the plaintiff within thirty*
> *days after the filing of the certificate of decision*
> *shall remit all of the verdict over four hundred*
> *dollars, in which case judgment is to be entered*
> *on the remaining verdict.*